OPINION
{¶ 1} Robert R. Logsdon appeals from his conviction and sentence in Clark County Common Pleas Court on one count of receiving stolen property.
 {¶ 2} In his two assignments of error, Logsdon contends the trial court erred by imposing more than the statutory minimum sentence and by ordering his sentence to be served consecutive to the sentence he received in a companion case.[1]
 {¶ 3} Logsdon's only argument on appeal is that the trial court's imposition of a more-than-minimum and consecutive sentence violatesState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, because the trial court itself made certain statutorily required findings of fact to support the sentence.[2]
 {¶ 4} "Foster established a bright-line rule that anypre-Foster sentence to which the statutorily required findings of fact applied (i.e., more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time that Foster was decided, must be reversed, and the cause remanded for re-sentencing in accordance withFoster, if the sentence is a subject of the appeal." State v. Boyd, Montgomery App. No. 21372, 2006-Ohio-6299, ¶ 28.
 {¶ 5} The State concedes that Foster applies here and that Logsdon was sentenced in violation of the rule articulated in that case. We agree. Accordingly, we sustain Logsdon's assignments of error, reverse the trial court's judgment, and remand the cause for resentencing consistent with Foster.
BROGAN, J., and WOLFF, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] The record reflects that on April 28, 2005, the trial court sentenced Logsdon on the receiving stolen property conviction in case number 03-CR-1042. During the same sentencing hearing, the trial court sentenced him on related convictions for involuntary manslaughter and tampering with evidence in case number 05-CR-0283. Both cases involved the same criminal episode, and the trial court ordered each of the sentences to be served consecutively.
[2] In addition to the appellate brief filed by Logsdon's court-appointed counsel, we note that Logsdon filed his own pro se brief raising essentially the same Foster issues. Because Logsdon is represented by counsel, however, we will not specifically address his pro se brief. State v. Shaw, Clark App. No. 2005-CA-115, 2006-Ohio-5587, ¶ 3.