OPINION
{¶ 1} Defendant-appellant Jerry Bellomy appeals his conviction and sentence for one count of public indecency, in violation of R.C. §2907.09(A)(3), a misdemeanor of the fourth degree.
 {¶ 2} On July 5, 2005, Bellomy was charged by complaint with one count of soliciting, in violation of R.C.G.O. § 136.04, a third degree misdemeanor; one count of prostitution, in violation of R.C.G.O. § 136.06, a first degree misdemeanor; and one count of public indecency, in violation of R.C. § 2907.09(A)(3). Bellomy pled not guilty to all three counts on July 11, 2005.
 {¶ 3} Bellomy filed a motion to suppress on August 23, 2005, but later withdrew the motion on September 19, 2005. Bellomy waived his right to a jury trial, and a bench trial was scheduled for November 23, 2005.
 {¶ 4} After his trial, Bellomy was found guilty of public indecency, but was found not guilty of soliciting and prostitution. On January 19, 2006, Bellomy was sentenced to pay a fine of $250.00 and court costs of $70.00. Bellomy filed a notice of appeal on January 23, 2006, and his sentence was stayed pending the outcome of this appeal.
 I {¶ 5} The incident which forms the basis for Bellomy's conviction and sentence occurred on the evening of June 30, 2005. While Dayton Vice Crimes Police Officers Raymond St. Clair, Thomas Harshman, and Brian Johns were monitoring prostitution activity in the downtown area of Dayton, Ohio, the officers observed a black Lexus motor vehicle stop and pick up a female that they had earlier identified as a prostitute. The driver of the black Lexus was later identified as Bellomy.
 {¶ 6} The officers followed the vehicle a short distance to the entrance of a nearby residential neighborhood where Bellomy parked the Lexus. Officer St. Clair exited his unmarked police cruiser and approached the vehicle. Officer St. Clair testified that the occupants of the vehicle saw him walking up to the vehicle, and both began performing actions consistent with pulling up their pants. As soon as Officer St. Clair identified himself as a police officer, the female occupant of the vehicle abruptly exited the vehicle and attempted to flee the scene on foot. Bellomy attempted to pull away from Officer St. Clair, but was immediately stopped by another officer in an unmarked cruiser.
 {¶ 7} Officer St. Clair removed Bellomy from the vehicle and patted him down for weapons. After being informed of his Miranda rights, Bellomy admitted that while he was giving the female a ride, he had his genitals exposed and she was manipulating them. Bellomy also told Officer St. Clair that the female exposed her genitals to him. Bellomy further stated that this was the first prostitute he had picked up, and while the two had not discussed payment for her services, he was going to pay "if it came to that."
 {¶ 8} As previously mentioned, Bellomy was ultimately found guilty of indecent exposure and ordered to pay a $250.00 fine as well as $70.00 in court costs. It is from this judgment that Bellomy now appeals.
 II {¶ 9} Bellomy's first assignment of error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN THE ADMISSION, MULTIPLE TIMES, OF IRRELEVANT AND IMMATERIAL TESTIMONY REGARDING SPECULATIVE AND PROSPECTIVE MATTERS WHICH HAD NO REALITY UNTO THEMSELVES IN COMBINATION WITH HEARSAY REGARDING A THIRD PARTY NOT ON TRIAL."
 {¶ 11} In his first assignment of error, Bellomy contends that the trial court erred by allowing Officer St. Clair to testify with respect to statements allegedly made by Bellomy at the time of his arrest. Bellomy argues that as a result of the court's erroneous evidentiary ruling, he was denied a fair trial. We disagree.
 {¶ 12} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987),31 Ohio St.3d 173, 510 N.E.2d 343. A reviewing court will not reverse the trial court's admission of evidence absent an abuse of discretion. Peters v.Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296, 299, 587 N.E.2d 290. An abuse of discretion connotes more than a mere error of law or judgment. It implies an arbitrary, unreasonable, or unconscionable attitude on the part of the court. State v. Brewer (June 30, 2004), Montgomery App. No. 03CA0074, 2004-Ohio-3572.
 {¶ 13} Upon being arrested, Officer St. Clair read Bellomy hisMiranda warnings. It is undisputed that Bellomy voluntarily waived his rights before he admitted to Officer St. Clair that he and the female occupant of the vehicle were engaged in sexual conduct. Specifically, Bellomy stated that his penis was partially exposed and that the female was manipulating it from the passenger seat. Bellomy also stated that the female's vagina was exposed during the brief car ride.
 {¶ 14} Additionally, Bellomy provided a written statement to Officer St. Clair outlining his actions immediately prior to his arrest. The written statement consisted of the following:
 {¶ 15} "I was traveling north on Fifth Street. The girl waved at me, I turned around. She asked me for a ride and she got into the car. She asked me what I was into and I said, not much. She asked me if I wanted to party? I said I wasn't really into that. She touched me. We turned into a street and that's when the police stopped me."
 {¶ 16} At trial, Officer St. Clair testified with respect to Bellomy's verbal statements as well as the written statement he provided after being arrested and informed of his Miranda rights. Evid. R. 801(D)(2) provides in pertinent part:
 {¶ 17} "(D) Statements which are not hearsay. A statement is not hearsay if:
 {¶ 18} "(2) Admission by a party opponent. The statement is offered against a party and is (a) his own statement, in either his individual or a representative capacity, or (b) a statement of which he has manifested his adoption or belief in its truth * * *."
 {¶ 19} Clearly, the verbal and written statement Bellomy provided to Officer St. Clair fall squarely under Evid. R. 801(D)(2). Thus, it was not an abuse of discretion for the trial court to allow into evidence Officer St. Clair's testimony regarding the admissions made by Bellomy. Said admissions were directly relevant to the crime of public indecency for which Bellomy was convicted. Lastly, it is worthy of note that Bellomy provides no authority, binding or otherwise, to support his argument.
 {¶ 20} Bellomy's first assignment of error is overruled.
 III {¶ 21} Because they are interrelated, Bellomy's last two assignments of error will be discussed together:
 {¶ 22} "THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 23} "THE COURT ERRED IN FINDING DEFENDANT/APPELLANT GUILTY OF PUBLIC INDECENCY AS THE EVIDENCE PRESENTED BY THE STATE WAS INSUFFICIENT."
 {¶ 24} In his remaining assignments, Bellomy contends that his conviction is not supported by the manifest weight of the evidence. Bellomy also argues that the State did not present sufficient evidence at trial to prove the elements of the crime of indecent exposure.
 {¶ 25} The Ohio Supreme Court has clarified the distinction between reviewing questions of manifest weight of the evidence and questions of sufficiency of the evidence. In State v. Thompkins (1997),78 Ohio St.3d 380, the court found that with respect to sufficiency of the evidence, in essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law.Id. at 386. As this Court stated in State v. Lucas (September 21, 2001), Montgomery App. No. 18644, the proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus in State v.Jenks (1991), 61 Ohio St.3d 259:
 {¶ 26} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 27} The relevant elements of Public Indecency are set forth in R.C. § 2907.09(A)(3) as follows:
 {¶ 28} "(A) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:
 {¶ 29} "(3) Engage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation."
 {¶ 30} "Recklessly" is defined under R.C. § 2901.22(C) as follows:
 {¶ 31} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 32} In the instant case, the only issue raised before the trial court was whether the State proved that Bellomy's behavior was "likely to be viewed by and affront others." Bellomy argues that the testimony adduced at trial demonstrates that no one actually observed him engage in any sexual conduct before his arrest. The record reveals that neither police officer who testified stated that they observed Bellomy engage in sexual conduct with the female in the vehicle. In light of the officers' testimony, Bellomy contends that the evidence was insufficient to demonstrate that he exposed himself pursuant to the requirements of the public indecency statute. Bellomy's argument misconstrues the statute.
 {¶ 33} As previously noted, Officer St. Clair testified that after being read his Miranda rights, Bellomy admitted that his penis was partially exposed and that the female was manipulating it from the passenger seat. Bellomy also stated that the female's vagina was exposed during the brief car ride. All of this occurred while Bellomy was traveling down a public street in view of pedestrians or passing motorists. Someone also could have seen Bellomy when he parked his vehicle at the entrance to the residential neighborhood where he ultimately stopped and was arrested. Further, there was no evidence that the vehicle's windows were tinted so that the view into the car was obscured. The language in the statute does not require that a suspect's alleged sexual conduct be directly observed by a member of the public. The fact that no one saw Bellomy engaged in this behavior is irrelevant. Rather, the statute only requires that said behavior is "likely to be viewed by and affront others." Lastly, it is entirely conceivable that a pedestrian or passing motorist who may observe Bellomy in an exposed state engaged in sexual conduct with the female inside his vehicle would also be offended by said behavior. Based on Bellomy's admission that he was engaged in sexual conduct while driving and parked on a public thoroughfare where anyone could have seen him, the trial court clearly had before it sufficient evidence that satisfied the requirements of the statute.
 IV {¶ 34} All of his assignments of error having been overruled, Bellomy's conviction and sentence for public indecency are affirmed.
BROGAN, J., concurs.