OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Eric S. Johnson, filed November 10, 2005. On July 8, 2005, Johnson was indicted on two counts of aggravated robbery, each with a firearm specification, two counts of felonious assault, each with a firearm specification, two counts of having a weapon under disability, and one count of 2 possession of criminal tools. The events giving rise to this matter began on May 21, 2005, when Wanda Little was robbed of her purse and shot as she stood outside her home, at 4054 Middlehurst Lane, in Dayton, Ohio. Johnson was subsequently arrested and charged. Later, the State obtained a "B" Indictment against Johnson, charging him with one count of receiving stolen property and two counts of complicity to commit forgery. These charges arose from Johnson's possession of, and complicity in the use of, Little's checks and identification shortly after the robbery and assault.
 {¶ 2} At the time of the shooting, Little was standing at her car, preparing to drive to her brother's apartment to help him clean it. She observed Johnson walk past her, and then he doubled back and approached her. Little immediately realized that she did not recognize him from her neighborhood. Johnson pointed a gun at Little and told her to give him her purse. When Little complied, Johnson shot her. Little required surgery to remove a kidney, and her thumb was also injured.
 {¶ 3} Prior to the robbery, Lasherria Archie, who lived with her mother near Little's home, observed Johnson walking down the street. Archie was on her mother's front porch, waiting for a moving truck to arrive, and talking on the phone. She and Johnson made eye contact as he passed by her home, at a distance of 12 to 15 feet. Seconds later, Archie heard Little say, "no," and then she observed Little in Little's yard with her hands in the air, backing away from Johnson. Archie then heard a gunshot and saw Little fall to the ground as Johnson ran from the scene.
 {¶ 4} Little identified Johnson from a police photo spread, and Johnson moved the trial court to suppress the photo spread identification. Johnson argued that he "stands out like a sore thumb" in the array of photos because the other photos exhibit significant shine 3 or glare on the subjects' foreheads and noses, while no such glare is apparent on Johnson's photo, rendering the spread impermissibly suggestive. The trial court overruled the Motion to Suppress on September 13, 2005.
 {¶ 5} A jury trial began on October 3, 2005, on the charges in the "A" Indictment only. Johnson moved in limine to exclude evidence of the "B" Indictment charges, and the court overruled the motion. Johnson also moved to sever the two counts of having a weapon under disability, and the trial court overruled the motion. Johnson additionally moved to suppress Archie's photo spread identification of him, which occurred subsequent to the hearing on the initial Motion to Suppress, and the court overruled the motion. Finally, the trial court overruled Johnson's Motion to Dismiss the charges against him for an alleged speedy trial violation.
 {¶ 6} Johnson asserts four assignments of error. Johnson's first assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT DENIED APPELLANT A FAIR TRIAL AS GUARANTEED UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION WHEN THE STATE FAILED TO COMPLY WITH DISCOVERY REQUESTS REGARDING WITNESSES."
 {¶ 8} According to Johnson, he was not provided an opportunity to properly investigate the witnesses presented by the State because the State did not provide him with its list of 26 witnesses until 10 days prior to trial, thereby hindering his trial preparation.
 {¶ 9} The State is required to disclose "a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial." Crim R. 16(B)(I)(e). "If, 4 subsequent to compliance with a request or order pursuant to this rule, and prior to or during trial, a party discovers additional matter which would have been subject to discovery or inspection under the original request or order, he shall promptly make such matter available for discovery or inspection, or notify the other party or his attorney or the court of the existence of the additional matter, in order to allow the court to modify its previous order, or to allow the other party to make an appropriate request for additional discovery or inspection. Crim. R. 16(D). "At the final pretrial conference or, if there is no scheduled final pretrial conference, no later than seven (7) days before trial, counsel for each party shall deliver to counsel for each other party and to the Court a written list of witnesses." Loc. R. 3.03(III)(A).
 {¶ 10} The State filed a written witness list, containing 25 names, on September 22, 2005. On September 27, 2005, the State filed an amended list with one additional name. The State ultimately called 8 witnesses at trial. We note that 12 of the names on the State's witness list also appear on the witness list filed by Johnson, indicating that, as to those witnesses, Johnson had knowledge they were potential witnesses. Johnson stipulated to the testimony of the 26th witness. Only once during the course of the trial did Johnson object because he did not know what one witness, Donna Dunn, was about to say, and the record reflects that the trial court allowed defense counsel to confer with Johnson before cross-examining the witness. Johnson acknowledged that the State provided him with Dunn's name and address at the final pretrial. Since the State complied with the rules of discovery and ongoing disclosure, and there is no indication in the record that it attempted to hinder Johnson's trial preparation, Johnson's first assignment of error is overruled.
 {¶ 11} Johnson's second assignment of error is as follows:
 {¶ 12} "THE TRIAL COURT ERRED IN DENYING HIS MOTION IN LIMINE, AND IN ALLOWING THE ADMISSION OF CERTAIN EVIDENCE AT TRIAL."
 {¶ 13} Johnson argues that he was unduly prejudiced by the admission of evidence relating to the "B" Indictment charges and by the court's failure to provide a limiting instruction regarding the evidence, as well as evidence of his prior convictions.
 {¶ 14} "A reviewing court will not reverse the trial court's admission of evidence absent an abuse of discretion." State v. Bellomy, Montgomery App. No. 21452, 2006-Ohio-7087. "An abuse of discretion connotes more than a mere error of law or judgment. It implies an arbitrary, unreasonable, or unconscionable attitude on the part of the court." Id. (Internal citations omitted).
 {¶ 15} "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of * * * identity." Evid. R. 404(B).
 {¶ 16} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Crim. R. 30(A). Failure to object waives all but plain error. McBride v. Quebe, Montgomery App. No. 21310, 2006-Ohio-5128. "Counsel's failure to object `constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly could have been otherwise.'"State v. Boykin, Montgomery App. No. 19896, 2004-Ohio-1701.
 {¶ 17} The court admitted evidence that Johnson was in possession of Little's 6 checks within hours of the robbery and shooting. We agree with the trial court that this evidence was not admitted to show Johnson's propensity to commit crime but rather to prove his identity as the man who robbed Little of her purse and shot her. Secondly, the trial court noted that evidence of other crimes with respect to the weapons while under disability charge would be addressed with a limiting instruction to the jury that the evidence of Johnson's prior convictions was an element of the offense, and that it was not to be used to show Johnson's propensity to commit crime. The court however failed to so instruct the jury, and Johnson failed to object. While the trial court's failure to provide limiting instructions in both instances constitutes error, it is harmless since the outcome of the trial would clearly not have been otherwise. There was overwhelming evidence of Johnson's guilt, to wit, the victim's identification, a neighbor's identification and Johnson's possession of the victim's checks just hours later. Johnson's second assignment of error is accordingly overruled.
 {¶ 18} Johnson's third assignment of error is as follows:
 {¶ 19} "THE TRIAL COURT ERRED IN IMPOSING A GREATER THA[N] MINIMUM SENTENCE AND CONSECUTIVE SENTENCE IN VIOLATION OF APPELLANT'S RIGHT TO A JURY TRIAL UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION."
 {¶ 20} Johnson relies on State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856. "Foster established a bright-line rule that anypre-Foster sentence to which the statutorily required findings of fact applied (i.e. more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time that Foster was decided, must be reversed, and the cause remanded for re-sentencing in accordance withFoster, if the sentence is a subject of the appeal." State v.Logsdon, Clark App. No. 2005-CA-66, 7 2006-Ohio-6833.
 {¶ 21} The State concedes that Foster applies here and that Johnson was sentenced in violation of the rule articulated therein. We agree. Accordingly, we sustain Johnson's assignment of error, reverse the trial court's judgment and remand the cause for resentencing consistent withFoster.
 {¶ 22} Johnson's fourth assignment of error is as follows:
 {¶ 23} "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 24} "When an appellate court analyzes a conviction under the manifest weight standard it must review the entire record, weigh all of the evidence and all the reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (Internal citations omitted). Only in exceptional cases, where the evidence `weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment."State v. Dossett, Montgomery App. No. 20997, 2006-Ohio-3367. The trial court [is] in the best position to assess witness credibility. State v.Hancock, Montgomery App. No 20738, 2005-Ohio-5785. "[W]here the decision in a case turns upon credibility of testimony, and where there exists competent, credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court." Meyers v. Garson (1993),66 Ohio St.3d 610, 614, 617 N.E.2d 742, 10993-Ohio-9.
 {¶ 25} Johnson argues that no physical evidence was introduced linking him to the robbery and assault herein. Specifically, Johnson points out that the police did not recover 8 a weapon, or any of the property that was purchased with Little's checks, that videotapes from the stores where Little's checks were passed do not contain footage of Johnson, and that no handwriting analysis was performed to implicate or exonerate Johnson. He further argues that Little stared at the gun pointed at her and not at her assailant, and that her identification of Johnson as the perpetrator is not credible.
 {¶ 26} We have reviewed the entire record herein. At trial, Little and Archie identified Johnson as the perpetrator of the offenses against Little. Donna Dunn testified that she observed Johnson give Little's checks to another witness, Brenda Crawford, who then used them to purchase items at Best Buy and Wal Mart for Johnson. Crawford confirmed Dunn's testimony, and added that she also purchased two gift cards at Kroger's with one of the stolen checks. The trial court was in the best position to observe the witnesses before it and to assess their credibility, and the evidence does not weigh heavily against Johnson's conviction. Since competent, credible evidence exists in the record before us to support Johnson's conviction. Johnson's fourth assignment of error is overruled.
WOLFF, P.J. and FAIN, J., concur.