OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Danny R. Bowshier, filed August 29, 2006. Bowshier was indicted on sixteen counts of trafficking in drugs, and on September 14, 2005, Bowshier pled guilty to three counts in violation of R.C. 2925.03; Count Seven and Count Fifteen being felonies of the Third Degree and Count Three being a felony of *Page 2 
the Second Degree. The trial court imposed prison terms of six years for Count Seven, six years for Count Fifteen, and three years for Count Three, to be served consecutively for a total sentence of fifteen years. Bowshier asserts three assignments of error as follows:
 {¶ 2} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES ON THE THREE COUNTS OF TRAFFICKING IN DRUGS, AS A CONSEQUENCE FAILURE TO MAKE THE FINDINGS REQUIRED BY O.R.C. 2929.14
(E)(4).
 {¶ 3} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES ON THE THREE COUNTS OF TRAFFICKING IN DRUGS, BY FAILING TO ALIGN THE REASONS THAT CORRESPOND TO FINDING REQUIRED BY O.R.C. 2929.14(E)(4).
 {¶ 4} "TO THE EXTENT THE TRIAL COURT ENGAGED IN JUDICIAL FACTFINDING TO SUPPORT IMPOSITION OF CONSECUTIVE SENTENCES PURSUANT TO O.R.C.2929.14(E)(4), THE UNDERLYING SENTENCE IS VIOLATIVE OF THE APPELLANT'S SIXTH AMENDMENT RIGHT TO A JURY TRIAL IN ACCORD WITH STATE V. FOSTER."
 {¶ 5} We will address his first and third assignments of error together since Bowshier relies on State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856, as the basis for those assignments."Foster established a bright-line rule that any pre-Foster sentence to which the statutorily required findings of fact applies (i.e. more-than-minimum, maximum, and consecutive sentence), pending on direct review at the time that Foster was decided, must be reversed, and the cause remanded for re-sentencing in accordance with Foster, if the sentence is *Page 3 
a subject of the appeal." State v. Logsdon, Clark App. No. 2005-CA-66,2006-Ohio-6833.
 {¶ 6} We agree that Foster applies here and that Bowshier was sentenced in violation of the rule articulated therein. Accordingly, we sustain Bowshier's first and third assignments of error. We reverse the trial court's judgment and remand the cause for re-sentencing consistent with Foster.
 {¶ 7} As a result, the second assignment of error is moot.
FAIN, J. and WALTERS, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1