OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Larry D. Bowman, filed July 31, 2006. On May 18, 1999, Bowman was charged by indictment with one count of robbery, in violation of R.C.2913.02, three counts of rape, in violation of R.C. 2907.02(A)(2), one count of kidnaping, in violation of R.C. 2905.01(A)(4), and one count of *Page 2 
kidnaping in violation of R.C. 2905.01(A)(2). After a trial, Bowman was found guilty of three counts of rape and one count of kidnaping, and not guilty of robbery and one count of kidnaping. The trial court scheduled a sex offender hearing and sentenced Bowman to a total term of 25 years. Bowman filed a direct appeal on February 11, 2000, and on January 19, 2001, we affirmed the trial court's judgment. On March 20, 2006, Bowman filed a petition for post conviction relief. The trial court denied his petition on July 6, 2006, and this appeal followed.
 {¶ 2} Bowman does not set forth a specific assignment of error but argues in his brief that the trial court erred in overruling his petition for post conviction relief pursuant to State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856.
 {¶ 3} The law in Ohio is clear that a petition for post conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * * ." R.C.2953.21(A)(2). Bowman's petition was filed five years after the date on which the trial transcript was filed in the court of appeals and is therefore untimely.
 {¶ 4} R.C. 2953.23 prohibits a trial court from entertaining a late petition unless both of the following provisions apply: "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right," and
 {¶ 5} "(b) The petitioner shows by clear and convincing evidence that, but for *Page 3 
constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * ."
 {¶ 6} Bowman argued that Foster recognized a new state right that retroactively affects his situation. "Foster established a bright-line rule that any pre-Foster sentence to which the statutorily required findings of fact applied (i.e. more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time thatFoster was decided, must be reversed, and the cause remanded for re-sentencing in accordance with Foster, if the sentence is a subject of the appeal." State v. Logsdon, Clark App. No. 2005-CA-66,2006-Ohio-6833. Since Bowman's case was not pending on direct review at the time Foster was decided, Foster does not apply to Bowman's sentence. Accordingly, the judgment of the trial court is affirmed.
 BROGAN, J. and FAIN, J., concur. *Page 1