OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Ricky Marbury, Jr., filed December 19, 2006. On June 11, 2004, a Montgomery County Grand Jury indicted Marbury on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree. On August 3, 2004, Marbury pled guilty to the lesser included offense of *Page 2 
burglary, in violation of R.C. 2911.12(A)(1), a felony of the second degree. On October 8, 2004, the trial court sentenced Marbury to a five-year term of community control sanctions. Marbury failed to comply with the sanctions, and a warrant was issued for his arrest on February 24, 2005. Marbury was arrested on March 9, 2005, and the trial court reinstated his community control sanctions on June 6, 2005. Marbury again absconded on July 22, 2005, and another warrant was issued for his arrest. On August 11, 2005, Marbury's community control sanctions were revoked, and the trial court sentenced him to a five-year prison term. Marbury appealed his sentence, and we remanded the matter for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856. ("Foster established a bright-line rule that any pre-Foster sentence to which the statutorily required findings of fact applied (i.e. more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time that Foster was decided, must be reversed, and the cause remanded for re-sentencing in accordancewith Foster, if the sentence is a subject of the appeal." State v.Logsdon, Clark App. No. 2005-CA-66, 2006-Ohio-6833.) On November 21, 2006, the trial court re-sentenced Marbury to a five-year prison term.
 {¶ 2} Marbury asserts one assignment of error as follows:
 {¶ 3} "THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE PRINCIPLES OF SENTENCING AND RECIDIVISM OF THE OFFENDER IN SENTENCING APPELLANT TO FIVE YEARS IN PRISON."
 {¶ 4} Marbury argues that the trial court failed to consider his expressions of remorse, his pledge to "do the right things," the fact that he joined Narcotics Anonymous in prison and that his prison record is clean, resulting in an excessive sentence. *Page 3 
 {¶ 5} The appellate court standard of review on sentencing issues is abuse of discretion. State v. Slone, Greene App. Nos. 2005 CA 79, 2006 CA 75, 2007-Ohio-130. "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." Id.
 {¶ 6} "For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2).
 {¶ 7} R.C. 2929.11(A) provides that a "court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public or both." Any sentence imposed should be reasonably calculated to achieve these goals. R.C. 2929.11(B).
 {¶ 8} R.C. 2929.12(D) provides that the "sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 9} "(1) At the time of committing the offense, the offender was under release from *Page 4 
confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
 {¶ 10} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code. Or the offender has a history of criminal convictions.
 {¶ 11} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 12} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender had demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 13} "(5) The offender shows no genuine remorse for the offense."
 {¶ 14} R.C. 2929.12(E) provides that the "sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 15} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 16} "(2) Prior to committing the offense, the offender had not been convicted of or *Page 5 
pleaded guilty to a criminal offense.
 {¶ 17} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 18} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 19} "(5) The offender shows genuine remorse for the offense."
 {¶ 20} Having reviewed the record herein, we conclude that the record supports Marbury's sentence, and there is accordingly no abuse of discretion. The pre-sentence investigation report reveals that Marbury served a prison term in 1997 for possession of cocaine and another prison term in 2003 for carrying a concealed weapon, both felonies. Marbury has numerous misdemeanor convictions on his record. Marbury committed the instant offense just four months after being released from prison for the 2003 felony offense. Within less than five months of receiving community control sanctions, Marbury absconded. When the sanctions were reinstated after his arrest, Marbury absconded a second time within six weeks, suggesting a need for incarceration. Finally, Marbury's sentence is mid-range and clearly not excessive, given his criminal history and failure to comply with community control sanctions.
 {¶ 21} At sentencing, the court listened to Marbury's statements regarding his remorse and his progress in prison. The trial court remarked, "I'm very familiar with your case, sir. I put you on probation before. I bought everything you said, hook, line and sinker and you went right back out and used again. And I certainly appreciate what your concerns are, but I have to balance all of the issues." While Marbury would have benefitted from a more thorough verbal explanation for the prison term imposed, the sentence he received is adequately supported by the record before us. *Page 6 
Judgment affirmed.
 WOLFF, P.J. and GRADY, J., concur. *Page 1