OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Richard L. Maupins, filed September 19, 2007. On August 29, 2007, Maupins was convicted of aggravated robbery (deadly weapon), in violation of R.C. 2913.01(K), with a three year firearm specification, and *Page 2 
felonious assault (deadly weapon), in violation of R.C. 2903.11(A)(2) with a firearm specification. Maupins received a five year sentence on each count to be served concurrently. The court merged the firearm specifications into one three-year firearm specification and imposed an additional term of three years to be served consecutively and prior to the five year term, for a total sentence of eight years.
 {¶ 2} Maupins asserts one assignment of error as follows:
 {¶ 3} "THE TRIAL COURT DENIED APPELLANT A FAIR TRIAL AS GUARANTEED UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION WHEN THE STATE FAILED TO COMPLY WITH DISCOVERY REQUESTS."
 {¶ 4} According to Maupins, despite his written request for discovery prior to trial, the State failed to provide certain discovery until after the trial began. Specifically, the State failed (1) to provide Maupins with a copy of a report generated by Steven Bryant, the crime scene investigator from the Dayton Police Department who responded to the scene of the robbery and testified at trial; (2) to provide and/or show Maupins copies of photographs taken by Bryant until immediately before his testimony; (3) to provide Maupins with results of ballistics tests; (4) to provide Maupins with the written statement provided by Maupin's co-defendant, Joseph Allen, to Detective Doug Baker.
 {¶ 5} Maupins argues the trial court committed prejudicial error in allowing the testimony of Bryant, as well as the use of Allen's written statement. Maupins further argues, while the State did not introduce the photographs or ballistics results, the State's failure to provide the evidence to Maupins compromised his ability to adequately prepare for trial. Further, Bryant's report "may *Page 3 
Further, Bryant's report "may have been helpful" for Maupins to review prior to trial to prepare for cross-examination. Maupins asserts, in addition, that the State's failure to provide Allen's written statement prevented him "from making an educated decision about whether to have [Allen] testify on [Maupins' ] behalf." Finally, Maupins argues, the trial court allowed the State to impeach Allen with his prior written statement to Maupins' prejudice.
 {¶ 6} The State acknowledges that the above evidence was discoverable, but argues that its failure to disclose was not willful and that Maupins was not prejudiced thereby.
 {¶ 7} Crim. R. 16(A) provides, "Upon written request each party shall forthwith provide the discovery herein allowed." Crim. R. 16(B) enumerates information subject to disclosure by the prosecuting attorney, including statements of co-defendants, reports, photographs, and reports of examination and tests. CrimR. 16(B)((1)(a), (c) and (d). Crim. R. 16(D) imposes a continuing duty to disclose as follows: "If, subsequent to compliance with a request or order pursuant to this rule, and prior to or during trial, a party discovers additional matter which would have been subject to discovery or inspection under the original request or order, he shall promptly make such matter available for discovery or inspection, or notify the other party or his attorney or the court of the existence of the additional matter, in order to allow the other party to make an appropriate request for additional discovery or inspection." Crim. R. 16(E) sets forth sanctions the court may impose for a party's failure to disclose.
 {¶ 8} "[P]rosecutorial violations of Crim. R. 16 result in reversible error only when there is a showing that (1) the prosecution's failure to disclose was willful, (2) disclosure of the information prior to trial would have aided the accused's defense, and (3) the accused suffered prejudice." State v. Jackson, 107 Ohio St.3d 53, 836 N.E.2d 1173,2005-Ohio-5981, ¶ 131. *Page 4 
 A. Bryant's testimony {¶ 9} Maupins did not object to Bryant's testimony at trial. "Defense counsel's failure to object waives all but plain error. (Internal citation omitted). Counsel's failure to object `constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise.'" State v.Boykin, Montgomery App. No. 19896, 2004-Ohio-1701, ¶ 18.
 {¶ 10} On the second day of trial, the trial court noted on the record that the prosecutor discovered a three-page report from Bryant that morning. The court noted that the report incorporates photos and ballistics results. The State agreed not to introduce the photos and ballistics results into evidence and agreed to refrain from questioning Bryant about the ballistics tests he performed. Maupins was given time to review this newly discovered evidence. The record reveals that the State limited its questioning of Bryant to his actions in collecting evidence and his ability to identify the items he retrieved. Maupins was given ample opportunity to cross-examine Bryant. While Maupins argues that he "may have" altered his trial strategy had he been given Bryant's report ahead of trial, Maupins fails to point to anything in the photos and/or ballistics report that would have changed his trial strategy. Since the trial court concluded the late production of these materials was unintentional and prohibited their introduction, Maupins has not demonstrated prejudice rising to the level of plain error. Accordingly, the trial court did not err in admitting Bryant's testimony.
 B. Allens' written statement {¶ 11} Maupins objected to the use of co-defendant Allen's written statement. "`The admission or exclusion of relevant evidence rests within the sound discretion of the trial court.' *Page 5 
(Internal citation omitted). A reviewing court will not reverse the trial court's admission of evidence absent an abuse of discretion. (Internal citation omitted). An abuse of discretion connotes more than a mere error of law or judgment. It implies an arbitrary, unreasonable, or unconscionable attitude on the part of the court." (Internal citations omitted). State v. Bellomy, Montgomery App. No. 21452, 2006-Ohio-7087, ¶ 12.
 {¶ 12} On the second day of trial, moments before Allen was to testify, the prosecutor produced for the first time Allen's written statement, and the trial court noted, "that she did not know that such a statement existed until just a few moments ago when it was pointed out to her by Detective Baker that such a statement did in fact exist." Outside of the presence of the jury, the prosecutor read the statement into the record, and she also read the police report into the record (which Maupins received before trial). The court then noted, Allen's verbal statement "reflected by the police report and the written statement by Mr. Allen are consistent in the details."
 {¶ 13} Allen's direct testimony was inconsistent with his oral statement as reflected in the police report and with his written statement. During cross-examination, the prosecutor asked Allen to read his written statement into the record over Maupins' objection. The prosecutor then asked Allen, "your statement says one thing where you don't admit to the shotgun and you don't admit to a lot of the crimes, but you've since pled and you're telling us today that you used the shotgun?" Allen responded, "Yes, I wasn't going to tell on myself." We note, the written statement did not go back to the jury room.
 {¶ 14} As with Bryant's report, the State's failure to disclose Allen's written statement was not willful. Further, Maupins cannot demonstrate prejudice, as the written statement was *Page 6 
consistent with the narrative summary thereof contained in the police report provided Maupins before trial. While Maupins argues that he "may not have" called Allen to testify given the content of the written statement, this claim is unpersuasive, as the written statement was merely cumulative of Allen's oral statement as reflected in the police report. Accordingly, there was no abuse of discretion, and the trial court properly permitted Allen's written statement to be used for impeachment purposes.
 {¶ 15} There being no violation of Crim. R. 16 such that Maupins was denied a fair trial, Maupins' sole assignment of error is overruled, and the judgment of the trial court is affirmed.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
 Kelly D. Crammer Jeremiah J. Denslow Hon. Michael L. Tucker *Page 1