OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Octavio E. Acedo-Gonzalez, filed November 14, 2007. On April 27, 2007, Acedo-Gonzalez was indicted on one count of engaging in a pattern of corrupt criminal activity, in violation of R.C. 2923.32(A)(1), a felony of the first degree, one count of conspiracy to commit engaging in a pattern of corrupt *Page 2 
activity, in violation of R.C. 2923.01(A)(2) and 2923.32(A)(1), a felony of the second degree, one count of conspiracy to trafficking in cocaine, in violation of R.C. 2923.01(A)(1) and 2925.03(A)(1), a felony of the second degree, with a major drug offender specification, one count of conspiracy to trafficking in heroin, in violation of R.C. 2923.01(A)(1) and 2925.03(A)(1), a felony of the second degree, with a major drug offender specification, one count of trafficking in heroin, in violation of R.C. 2925.03(A)(2), a felony of the first degree, with a major drug offender specification, one count of possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree, with three forfeiture specifications of an RCA 42 inch television, a Sony DVD player and cash in the amount of $907,438.85.
 {¶ 2} On September 4, 2007, Acedo-Gonzalez pled guilty to trafficking in heroin, along with the three forfeiture specifications. The State dismissed the remaining counts and specifications, and recommended a sentencing range of a minimum term of five years up to a maximum term of 10 years. The trial court sentenced Acedo-Gonzalez to a term of 10 years imprisonment and five years of mandatory postrelease control.
 {¶ 3} Acedo-Gonzalez asserts one assignment of error as follows:
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO A MAXIMUM SENTENCE OF TEN YEARS."
 {¶ 5} Acedo-Gonzalez argues that he had no criminal history and, although he participated in a complex drug conspiracy, he had only been involved and present in the United States for a few weeks prior to his arrest. According to Acedo-Gonzalez, our standard of review is abuse of discretion. The State responds that the trial court did not err in imposing a sentence within the statutory range. *Page 3 
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Supreme Court of Ohio "established a bright-line rule that anypre-Foster sentence to which the statutorily required findings of fact applied (i.e. more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time that Foster was decided, must be reversed, and the cause remanded for re-sentencing in accordance withFoster, if the sentence is a subject of the appeal." State v.Logsdon, Clark App. No. 2005-CA-66, 2006-Ohio-6833. Pursuant toFoster, trial courts now "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." Foster, ¶ 100.
 {¶ 7} In State v. Kalish, Slip Opinion No. 2008-Ohio-4912, ¶ 4,14, the Supreme Court of Ohio recently determined, "[i]n applyingFoster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law," the standard found in R.C. 2953.08(G).
 {¶ 8} "If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id., ¶ 4. TheKalish Court noted, trial courts still must consider R.C. 2929.11 and2929.12 in sentencing, "and be mindful of imposing the correct term of postrelease control." Id., ¶ 13. "R.C. 2929.11 and 2929.12 * * * are not fact-finding statutes like R.C. 2929.14. Instead, they serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence. In considering these statutes in light ofFoster, the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. Moreover, R.C. 2929.12 explicitly permits trial courts to exercise *Page 4 
their discretion in considering whether its sentence complies with the purposes of sentencing. It naturally follows, then, to review the actual term of imprisonment for an abuse of discretion." Id., ¶ 17.
 {¶ 9} Here, the trial court's decision was not contrary to law. R.C. 2929.14(A)(1) authorizes a prison term of "three, four, five, six, seven, eight, nine, or ten years" for a felony of the first degree. The trial court expressly stated that it "considered the presentence investigation in this case, the memorandum filed by Counsel, the purposes and principles of sentencing, and the Court has balanced the seriousness and recidivism factors pursuant to Ohio Revised Code Section 2929.12." The trial court properly applied postrelease control.
 {¶ 10} Next, we must determine if the trial court abused its discretion. "An abuse of discretion is `more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting State v. Adams
(1980), 62 Ohio St.2d 151, 157, 16 O.O. 3d 169, 404 N.E.2d 144."Kalish, ¶ 19.
 {¶ 11} Having reviewed the record, we conclude that the trial court did not abuse its discretion in sentencing Acedo-Gonzalez to a ten year term. At sentencing, the trial court noted that Acedo-Gonzalez, as originally indicted, faced as much as 55 years in prison. The court considered the nature of the offense and Acedo-Gonzalez's involvement in an "entire * * *conspiracy" to sell drugs. The court noted, "drugs are an evil," and "those that are the purveyors of drugs, in any degree," destroy lives. According to the court, Acedo-Gonzalez was "a bag man; someone who would be involved in taking the ill-gotten proceeds of this drug trafficking conspiracy back to its source." The court noted, "there may have been millions of *Page 5 
dollars from this conspiracy locally that was successfully returned," and the court considered that Acedo-Gonzalez intended to return "nearly a million dollars." The court found "no mitigation to the nature of such involvement." The court noted that Acedo-Gonzalez needed money and that his role in the conspiracy was "an easy way to make money," and the court expressed its concern "that you would not be adequately deterred from doing this again given the opportunity."
{¶ l2} Since Acedo-Gonzalez's sentence is not contrary to law, and since there is nothing in this record to suggest that the trial court abused its discretion, Acedo-Gonzalez's assignment of error is overruled, and the judgment of the trial court is affirmed.
WOLFF, PJ. and GRADY, J., concur.
Copies mailed to:
Elizabeth A. Ellis
Christopher B. Epley
 Hon. Stephen A. Wolaver *Page 1