[Cite as *State v. Acedo-Gonzales*, 2013-Ohio-3932.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                           :

    Plaintiff-Appellee                 :          C.A. CASE NO.    2013 CA 11

v.                                      :          T.C. NO.    07CR290

OCTAVIO E. ACEDO-GONZALES               :          (Criminal appeal from
                                                   Common Pleas Court)

    Defendant-Appellant                :

                                        :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ___13th___ day of ___September___, 2013.

. . . . . . . . . .

ELIABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

OCTAVIO E. ACEDO-GONZALEZ, #565322, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**  This matter is before the Court on the Notice of Appeal of Octavio

Enrique Acedo-Gonzalez, filed March 7, 2013. Acedo-Gonzalez appeals from the decision of the trial court which overruled his pro se "Motion to Correct Void/Voidable Judgment." We hereby affirm the judgment of the trial court.

{¶ 2} Acedo-Gonzalez pled guilty, pursuant to a plea agreement, to one count of trafficking in heroin, in violation of R.C. 2925.03(A)(2), a felony of the first degree, along with three forfeiture specifications, and the State dismissed multiple counts and a mandatory drug offender specification in exchange for his plea. The State further agreed to a sentencing range of the minimum term of five years up to the maximum term of ten years. The trial court sentenced Acedo-Gonzalez to a term of ten years, as well as a minimum term of five years of mandatory post release control. Acedo-Gonzalez appealed, asserting that the trial court abused its discretion in imposing the maximum sentence. In *State v. Acedo-Gonzalez*, 2d Dist. Greene No. 2007 CA 96, 2008-Ohio-5776, this Court affirmed Acedo-Gonzalez's sentence, concluding that his sentence is not contrary to law and that an abuse of discretion is not demonstrated. Acedo-Gonzalez's appeal of this Court's decision to the Supreme Court of Ohio was not accepted for review. *State v. Acedo-Gonzalez,* 121 Ohio St.3d 1440, 2009-Ohio-1638, 903 N.E.2d 1223. Acedo-Gonzalez filed a motion to reopen his appeal, which this court denied. *State v. Acedo-Gonzalez*, Greene App. No. 2007 CA 96 (May 15, 2009).

{¶ 3} On March 27, 2012, the State filed a Motion to Correct Post-Release Control. On June 1, 2012, the trial court issued an Entry which provides that Acedo-Gonzalez appeared by video in open court, that "the original sentencing and sentencing entry is void as to Post Release Control and the remainder of the sentencing entry

is not void and remains in full effect." The court then properly notified Acedo-Gonzalez regarding post release control. Acedo-Gonzalez did not appeal from this Entry.

{¶ 4} On August 28, 2012, Acedo-Gonzalez filed his "Motion to Correct Void/ Voidable Judgment," in which he asserted that the trial court erred in imposing the maximum sentence of ten years, given his remorse, and in the absence of any prior criminal history. He further asserted that defense counsel was ineffective, "especially when it was not explained to Defendant that he would be automatically deported upon completion of [his sentence]. Such conditions further makes recidivism a non factor to be considered during the sentencing phase." Finally, Acedo-Gonzalez asserted that his counsel "provided him false assurance that his conviction would not result in his removal from this country." The State responded that Acedo-Gonzalez's arguments were barred by the doctrine of res judicata, and that if the court construed his motion as one for post-conviction relief, it was untimely. In reply to the State's memorandum in opposition, Acedo-Gonzalez asserted in part that he "would also like to clarify for the State that his motion is not a Petition for Post Conviction Relief, but is indeed what it says it is on its face."

{¶ 5} In its Entry overruling Acedo-Gonzalez's motion, the court determined in part as follows:

> The Defendant claims this Court has jurisdiction to correct a void sentence. The problem presented however is not void.

> The Defendant was sentenced to 10 years on a first degree felony. This sentence is within the range set by law, and therefore not void. The Court complied with the sentencing requirements to impose the sentence

given.

Further, the Defendant could have raised this issue on direct appeal. Since it was not, the motion is precluded by res judicata. State v. Goldwire (2d District) 2005-Ohio-5784.

{¶ 6}   Acedo-Gonzalez asserts three assignments of error herein, which we will consider together.   They are as follows:

{¶ 7}   "THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT['] S MOTION TO CORRECT VOID SENTENCE ON THE GROUNDS THAT THE SENTENCE IS NOT VOID AND IT COMPLIED WITH THE SENTENCING REQUIREMENTS."

And,

"THE TRIAL COURT ERRED IN RULING APPELLANT COULD HAVE RAISED ISSUES ON DIRECT APPEAL AND THEREFORE RES JUDICATA APPLIES, WHEN CLEARLY ESTABLISHED LAW ALLOWS FOR A VOID SENTENCE TO BE CORRECTED AT ANY TIME,"

And,

"THE TRIAL COURT ERRED BY NOT ADDRESSING APPELLANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, AS COUNSEL WAS INEFFECTIVE DURING THE SENTENCING PHASE OF PROCEEDINGS."

{¶ 8}   Acedo-Gonzalez asserts that his sentence is void and that he was denied effective assistance of counsel since "counsel failed to present mitigating factors, and provide any legal argument contra to the court's imposition of more than minimum,

maximum sentence upon Appellant."

{¶ 9}     While Acedo-Gonzalez asserted that his motion was not a petition for post-conviction relief, his conviction and sentence were affirmed on appeal, and "the trial court was without jurisdiction to vacate its provisions except as provided by R.C. 2953.21," which governs petitions for post-conviction relief. *State v. Costa*, 2d Dist. Greene No. 99CA0014, 1999 WL 957647, *1 (Sept. 3, 1999).  R.C. 2953.21 applies to "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * ."  R.C. 2953.21(A)(1)(a). Further, R.C. 2953.21(J) provides: "Subject to the appeal of a sentence for a felony that is authorized by section 2953.08 of the Revised Code, the remedy set forth in this section is *the exclusive remedy* by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case * * * ."  (Emphasis added). Acedo-Gonzalez's motion was effectively a petition for post-conviction relief.  R.C. 2953.21(A)(2) provides: "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *."

{¶ 10}     R.C. 2953.23 provides:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court *may not* entertain a petition filed after the expiration of the period prescribed in division (A) of that

section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

* * *

{¶ 10} Acedo-Gonzalez's transcript was filed herein in 2007, his petition for post-conviction relief was untimely, and he failed to demonstrate that any exception for an untimely petition applies. In other words, the trial court lacked jurisdiction to adjudicate the merits of the petition. Finally, had Acedo-Gonzalez filed a timely petition for post-conviction relief, we would conclude that his arguments are barred by the doctrine of

res judicata. *See, State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

Acedo-Gonzalez's assignments of error are overruled, and the judgment of the trial court denying his "Motion to Correct Void/ Voidable Judgment" is affirmed.

. . . . . . . . . .

HALL, J. and CELEBREZZE, J., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Elizabeth A. Ellis
Octavio E. Acedo-Gonzalez
Hon. Stephen A. Wolaver