OPINION
{¶ 1} Defendant, Mohammad Poindexter was indicted on one count of aggravated robbery, R.C. 2911.01(A)(1), one count of felonious assault, R.C. 2903.11(A)(2), and one count of having weapons while under a disability, R.C. 2923.12(A)(2), after robbing at gunpoint an assistant manager of Kentucky Fried *Page 2 
Chicken restaurant who was attempting to make a deposit at the Bank One branch on Salem Avenue in Dayton. A firearm specification, R.C. 2941.145, and a repeat violent offender specification, R.C. 2941.149, was attached to the aggravated robbery and felonious assault charges. Defendant was found guilty of all charges and specifications following a jury trial.
 {¶ 2} The trial court sentenced Defendant to nine years for aggravated robbery, seven years for felonious assault, to be served concurrently, one year for having weapons while under a disability, to be served consecutively, three years for the merged firearm specifications, to be served consecutively, and five years for the merged repeat violent offender specifications, to be served consecutively, for a total sentence of eighteen years. The court also ordered Defendant to pay restitution of the monies he took in the robbery, which amounted to $1,600.
 {¶ 3} On direct appeal, we affirmed Defendant's convictions but remanded this case for resentencing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. See: State v. Poindexter, Montgomery App. No. 21036, 2007-Ohio-3461. Defendant was resentenced on July 26, 2007. At that resentencing hearing defense counsel claimed that Defendant is *Page 3 
indigent, and asked the trial court to reconsider its decision imposing fines and restitution and to waive any fines. The trial court reimposed the same eighteen year sentence as before, and ordered Defendant to pay court costs but no fines. The trial court also terminated its prior restitution order.
 {¶ 4} Defendant timely appealed to this court from his resentencing.
ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED IN FAILING TO RECONSIDER AND WAIVE THE IMPOSITION OF COURT COSTS."
 {¶ 6} Defendant argues that the trial court abused its discretion by failing to waive the payment of court costs due to Defendant's indigency.
 {¶ 7} A defendant's indigency does not shield him from the payment of court costs. State v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905. Court costs must be assessed against all defendants. Threatt; State v.White, 103 Ohio St.3d 580, 2004-Ohio-5989; R.C. 2947.23. However, a court has discretion to waive costs assessed against an indigent defendant. White; Threatt. A motion by an indigent criminal defendant for waiver of payment of court costs must be made at the time of sentencing. Threatt. A denial of such motion is reviewed under an abuse of discretion standard. Id. *Page 4 
 {¶ 8} Defendant argues that at his resentencing hearing held on July 26, 2007, defense counsel asked the trial court to reconsider the imposition of court costs and to waive them due to Defendant's indigency. Defendant is mistaken. A review of the transcript of the resentencing hearing affirmatively demonstrates that defense counsel asked the trial court to waive imposition of any fines, but did not mention court costs:
 {¶ 9} "THE DEFENSE: YOUR HONOR IF IT PLEASE THE COURT, I DID NEGLECT TO SAY TWO THINGS, I AM APPOINTED COUNSEL ON THIS MATTER. MR. POINDEXTER SAID, WAS SENTENCED TO A SUBSTANTIAL AMOUNT OF PRISON AND THAT THE COURT, AT LEAST AT THIS TIME IS CLEARLY INDIGENT AND THERE WOULD NECESSARILY BE A FINDING THAT HE'S INDIGENT BY THE COURT APPOINTING COUNSEL TO REPRESENT HIM IN THIS MATTER. I ASK THE COURT TO CONSIDER OR RECONSIDER ITS DECISION CONCERNING HIS FINES AND WHAT POSSIBLE FINES THE COURT WOULD LAY ON HIM BECAUSE OF THE FACT THAT HE IS, WITH FINES YOUR HONOR HE CANNOT REALLY GET MORE THAN BASIC THINGS, THE STATE PAY AT THE INSTITUTION AND I WOULD ASK THE COURT TO WAIVE THE FINES IN THIS MATTER." (T. 6).
 {¶ 10} Having failed to request at the time of sentencing that the court waive the payment of court costs, any error in that regard has been forfeited, State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, and whether the court abused its *Page 5 
discretion when it imposed court costs is res judicata.Threatt, at ¶ 23.
 {¶ 11} We further note that this court remanded Defendant's case to the trial court for the limited purpose of resentencing Defendant pursuant to Foster, which concerned only the issue of incarceration. Reconsideration of the imposition of court costs was not included in the scope of our remand order. Because a trial court has no authority to extend or vary the scope of an appellate court's remand order, State v.Wombold (Feb. 19, 1999), Montgomery App. No. 17191; Nolan v. Nolan
(1984), 11 Ohio St.3d 1, the trial court on remand had no authority to reconsider and waive the imposition of previously imposed court costs.
 {¶ 12} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
 BROGAN, J. And DONOVAN, J., concur. *Page 1