The STATE of Ohio, Appellee,

v.

JOHNSON, Appellant.

[Cite as *State v. Johnson,* 179 Ohio App.3d 151, 2008-Ohio-5769.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22090.

Decided Nov. 7, 2008.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, for appellee.
Michael T. Columbus, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant, Eric S. Johnson, appeals from a sentence imposed by the trial court upon remand from this court as a result of Johnson's prior appeal. *State v. Johnson*, Montgomery App. No. 21359, 2007-Ohio-437, 2007 WL 293904. In that opinion, we found no errors with respect to Johnson's conviction,

but we did find that Johnson's sentencing proceeding violated the holding in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, so we reversed the judgment of the trial court and remanded the cause for resentencing, only.

{¶ 2} Johnson was resentenced, in accordance with our mandate. He appeals from his new sentence. Initially, Johnson's assigned appellate counsel found no potential assignments of error having arguable merit, and filed a brief under the authority of *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. By order filed herein on December 26, 2007, we concluded that there was at least one potential assignment of error having arguable merit, rejected the *Anders* brief, and ordered that new counsel be assigned to file a new appellate brief on the merits.

{¶ 3} Johnson has now filed a new appellate brief, in which he raises the issue that we ordered be raised—whether the trial court erred in proceeding with the sentencing hearing without conducting an adequate inquiry into Johnson's expressed concern that his counsel at the sentencing hearing was ineffective—as well as one additional assignment of error. We conclude that the additional issue Johnson raises—whether he was convicted without an indictment setting forth the proper mens rea elements required for three of the counts upon which he was convicted—is outside the proper scope of this appeal, since it assigns error occurring before the previous appeal in this case.

{¶ 4} We agree with Johnson, however, that the trial court erroneously proceeded with the resentencing hearing without conducting an adequate inquiry into his expressed concern that his counsel at the sentencing hearing was constitutionally ineffective. Consequently, the judgment of the trial court is reversed, and this cause is remanded for a new sentencing proceeding.

I

{¶ 5} Johnson was charged by indictment, convicted, and sentenced, upon two counts of aggravated robbery, each with a firearm specification; two counts of felonious assault, each with a firearm specification; two counts of having a weapon under disability; and one count of possession of criminal tools. He appealed from his convictions and sentence, setting forth four assignments of error, three of which concerned his convictions, and one of which concerned his sentence. We found no error in Johnson's convictions, but did find that his sentence was in violation of the holding set forth in *State v. Foster*. We reversed the judgment of the trial court, and remanded this cause for a resentencing only. See *State v. Johnson*.

{¶ 6} At the resentencing hearing, after the trial court explained to Johnson why, under the authority of *State v. Foster*, the matter was once again before the

trial court for resentencing, the trial court afforded first Johnson's counsel, and then Johnson, the opportunity to be heard. The following colloquy ensued:

{¶ 7} "MR. DAGANHARDT [representing Johnson]: Judge, you were kind enough to listen to my arguments prior to the original sentencing, and I have nothing to add beyond that, sir.

{¶ 8} "THE COURT: Mr. Johnson, do you have anything you care to say?

{¶ 9} "THE DEFENDANT: Yes, I do. During the trial, right, my trial attorney failed to object to several things in trial, right; and during my appeal, my appeals attorney failed to file any type of assistance of counsel when there was overwhelming evidence that I should have won a new trial for failing to Mr. Daganhardt objecting [sic] to that.

{¶ 10} "The appeals judge has ruled in all plain error, you know what I'm saying, so on the *Foster* case or whatever, some of them sentences was ran consecutive when they weren't supposed to. And I don't want this man as my attorney when he the one that failed to object on things at trial, even though you all saying this is just a re-sentence.

{¶ 11} "I want to talk to another attorney and get this postponed before any sentence, you all re-sentence me back to whatever you all about to do. I don't want this attorney. I go back up to Lucasville and wait it back out, but I'm not about to have him representing me when he the one that failed to object. I don't want him.

{¶ 12} "THE COURT: All right. Well—

{¶ 13} "THE DEFENDANT: I don't want the sentence right now.

{¶ 14} "THE COURT: Well, this is a matter that the Court of Appeals has directed this Court to do, so really the Court doesn't have any choice in that.

{¶ 15} "THE DEFENDANT: Yeah, I understand that, but I am allowed to get a new counsel before you all do the sentence first. That's what I'm saying. I don't want my sentence right now with him present. I want a new attorney.

{¶ 16} "THE COURT: Well, Mr. Johnson—

{¶ 17} "THE DEFENDANT: I'm not about to let you all just sentence me with him in here and I don't know what's going on. *This is my first time even knowing he was the one that was about to represent me in here right now anyway.* I'm not about to screw myself. I rather talk to an attorney and know what's completely going on first.

{¶ 18} "THE COURT: Well, you have a right to talk to—

{¶ 19} "THE DEFENDANT: Because I'm left in the dark. That's what I'm saying. I'm in the dark right now. I just now coming down here and this my attorney, naw.

{¶ 20} "THE COURT DEPUTY: Mr. Johnson, you need to let him speak, okay? Let him finish.

{¶ 21} "THE COURT: The point here is, Mr. Johnson, if—an appeal was already filed. The Court of Appeals has rendered a decision. They've told this Court I have to re-sentence you over this actually pretty complicated legal reason, but basically actually I have to re-sentence you, and that's what the Court's going to do.

{¶ 22} "Now, if you want to perfect another appeal based on ineffectiveness of counsel and that type of thing, that's another issue for another day. I'm just carrying out what the Court of Appeals has told this Court that I have to do, which is based on their decision I have to re-sentence you. This is not—this has nothing to do with any appeal issues that you may have. This is just a technical situation where because of the sentencing law that they're saying the Court has to re-sentence you.

{¶ 23} "So, that's all we're going to do here today. Now, if you want to appeal ineffective assistance of counsel or something, that's another matter.

{¶ 24} "THE DEFENDANT: Okay. I understand that's another matter, right, Mr. Luse [, referring to Judge Luse], but what I'm saying is I don't want him here at my re-sentence. I'm not trying to deny my own re-sentence. What I'm saying is that I want to postpone this until I get a new attorney here with to represent me and let me know which actually going on as well and what can be done about everything that's going on.

{¶ 25} "THE COURT: Well, we don't seem to be understanding. The re-sentencing, *whether you have this man or any other attorney, isn't going to have anything to do with the re-sentencing*. That's something the Court of Appeals has told this Court to do, and that's what the Court's going to carry out today.

{¶ 26} "As far as perfecting any sort of appeals you have for ineffective assistance of counsel and so forth, that's another issue which has nothing to do with the re-sentencing.

{¶ 27} "THE DEFENDANT: I'm not saying about getting another attorney it's going to have something to do with my re-sentencing. I already know what you all going to do is going to be done. But like I just said, I don't want this man representing me at this re-sentence, man. That's what I'm saying, man.

{¶ 28} "THE COURT: Well—

{¶ 29} "THE DEFENDANT: I don't want this man representing me at this re-sentence, man. I'm not about to get re-sentenced with this man as my attorney, man.

{¶ 30} "THE COURT: Well—

{¶ 31} "THE DEFENDANT: *He ain't even come down to see me since I been down here, man. How I supposed to know he was the one that's my attorney.*

{¶ 32} "THE COURT: All right.

{¶ 33} "THE DEFENDANT: I'm not supposed to have him. This was my trial attorney. That was over and done with already. This man failed to object on things in my trial and he was supposed to.

{¶ 34} "THE COURT: All right, Mr. Johnson. You've had your say. We're going to go ahead with the re-sentencing as I'm required to do by the Court of Appeals.

{¶ 35} "THE DEFENDANT: Anything say you are required to give me a new attorney though [sic]. It don't say that you is required not to give me a new attorney while I'm at re-sentencing. It don't say that, man. I know what my rights is, man. They don't say that you failed to not give me a new attorney, man, while I'm at this re-sentencing, man. I don't want this man representing me while I'm at my new sentence, man.

{¶ 36} "THE COURT: Well, you've had your say. The Court's had its say. We're going to proceed with the sentencing as required by the Court of Appeals." (Emphasis added.)

{¶ 37} Whereupon, the trial court proceeded to the imposition of sentence, imposing the same sentence, an aggregate sentence of 19 years of imprisonment, that it had originally imposed in this case. From his new sentence, Johnson appeals.

## II

{¶ 38} Johnson's first assignment of error is as follows:

{¶ 39} "Appellant's state constitutional right to a grand jury indictment and state and federal constitutional rights to due process were violated when his indictment omitted an elements [sic] of the offenses."

{¶ 40} Essentially, Johnson is relying upon *State v. Colon,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, reconsidered at 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, for the proposition that his convictions upon two counts of aggravated robbery and one count of possession of criminal tools must be reversed because the indictment charging him with these offenses failed to state the required mens rea for the offenses. We note that the opinion reconsidering

*State v. Colon,* 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, reduces its impact. In all but a few cases, a *Colon* issue is to be analyzed under the doctrine of plain error, which requires a demonstration of prejudice, rather than the doctrine of structural error, under which prejudice is presumed.

{¶ 41} In any event, nothing in the holdings in *State v. Colon* suggests that the omission of the required mens rea elements from an indictment renders a conviction resulting from the indictment void, rather than voidable. The defective indictment issue is one that could have been raised in Johnson's initial appeal. It was not. Consequently, that issue has been forfeited.

{¶ 42} The mandate of this court following Johnson's initial appeal was limited to the trial court's conducting a resentencing hearing; the trial court was neither directed, nor authorized, to reconsider the propriety of Johnson's convictions. Accordingly, we deem the error assigned under Johnson's first assignment of error to be outside the proper scope of this appeal, and it is therefore overruled.

### III

{¶ 43} Johnson's second assignment of error is as follows:

{¶ 44} "The trial court erred by failing to engage appellant in a colloquy concerning his dissatisfaction with appointed counsel."

{¶ 45} As the emphasized parts of the excerpts from the transcript quoted in Part I, above, indicate, Johnson asserted that he had not met with his assigned counsel, who evidently was his trial counsel, prior to the resentencing (in connection with the resentencing), and did not even know that this was going to be his counsel at the resentencing until he appeared in court for the proceeding. This assertion went unrebutted.

{¶ 46} The trial court seems to have been under the impression that it would make no difference who appeared to represent Johnson at his resentencing hearing, since the trial court was vested with discretion in the imposition of sentence. We find this reasoning baffling. If the sentence is *mandatory,* it presumably does not matter what attorney stands beside the defendant, Elmer Fudd or Clarence Darrow. When the trial court is about to exercise discretion, that is when the assistance of counsel is arguably the most crucial. An eloquent plea by defense counsel, perhaps based upon the defendant's conduct in prison after his initial sentence, or facts that have come to light after the initial sentencing hearing, may result in a lesser sentence. Conversely, an eloquent argument by the prosecutor, again perhaps based upon the defendant's conduct in prison after his initial sentence, or upon facts that have come to light after the

initial sentencing hearing, may inform the trial court's sentencing discretion with the result that a greater sentence is imposed.

{¶ 47} We note that the trial court, having evidently concluded that the assistance of counsel would be of no benefit to Johnson at his resentencing, did not even inquire whether Johnson, perhaps through the financial assistance of family, was in a position to retain counsel of his choice to assist him at his resentencing hearing.

{¶ 48} A trial court is under a duty to inquire into claims of dissatisfaction with appointed counsel. *State v. Deal* (1969), 17 Ohio St.2d 17, 46 O.O.2d 154, 244 N.E.2d 742, syllabus. The state seeks to distinguish *State v. Deal,* upon the ground that it involved an expression of dissatisfaction with trial counsel during the trial proceeding, not during a sentencing proceeding. Indeed, we recognized this distinction in *State v. Harris,* Montgomery App. No. 19796, 2004-Ohio-3570, 2004 WL 1506227, but only because, in that case, the dissatisfaction expressed during sentencing was being used to justify reversal of a conviction, not of the sentence. We agree with Johnson that although it was too late in that case for the expressed dissatisfaction during sentencing to have triggered a duty, on the part of the trial court, to inquire into the effectiveness of the defendant's counsel during the trial, it is not too late for a dissatisfaction with trial counsel expressed during sentencing to trigger a duty, on the part of the trial court, to inquire into the effectiveness of a defendant's counsel during the sentencing proceedings.

{¶ 49} We conclude that Johnson's expression of dissatisfaction with his trial counsel, expressed at the outset of the sentencing proceeding, triggered a duty, on the part of the trial court, to conduct some inquiry into Johnson's concern that his counsel at the sentencing hearing was ineffective. From the transcript, it is clear that the trial court saw no need to conduct any inquiry at all, since the issue of the proper sentence to impose was confided to the trial court's sound discretion.

{¶ 50} Johnson's second assignment of error is sustained.

IV

{¶ 51} Johnson's second assignment of error having been sustained, and his first assignment of error having been overruled, as having raised an issue outside the proper scope of this appeal, the judgment of the trial court is reversed, and this cause is remanded for a resentencing proceeding, in accordance with this opinion.

Judgment reversed
and cause remanded.

WOLFF, P.J., and WALTERS, J., concur.

SUMNER E. WALTERS, J., retired, of the Third Appellate District, sitting by assignment.