The STATE of Ohio, Appellee,

v.

FRITZ, Appellant.

[Cite as *State v. Fritz*, 182 Ohio App.3d 299, 2009-Ohio-2175.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23048.

Decided May 8, 2009.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Dexter Fritz Sr., pro se.

FROELICH, Judge.

{¶ 1} Dexter Fritz Sr. appeals, pro se, from a judgment of the Montgomery County Court of Common Pleas, which resentenced him pursuant to our remand in *State v. Fritz*, 178 Ohio App.3d 65, 2008-Ohio-4389, 896 N.E.2d 778.

{¶ 2} Fritz was convicted and resentenced on the following offenses: one count of engaging in corrupt activity, in violation of R.C. 2923.32(A)(1); two counts of trafficking in crack cocaine, in violation of R.C. 2925.03(A)(1) (selling); two counts of trafficking in crack cocaine, in violation of R.C. 2925.03(A)(2) (transporting); and two counts of possession of crack cocaine, in violation of R.C. 2925.11(A). On the authority of *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, we conclude that the two counts of possession and the two counts of trafficking (transporting) were allied offenses of similar import on which Fritz could not be separately convicted, but that his convictions for trafficking (selling) and for trafficking (transporting) were not allied offenses. We reject Fritz's argument that the trial court erred in imposing court costs, as it is statutorily authorized to do, when Fritz did not object at the sentencing hearing. We decline to consider several arguments that Fritz could have raised in his initial appeal.

## I

{¶ 3} In 2007, Fritz was convicted on two counts of trafficking in crack cocaine (transporting), two counts of trafficking in crack cocaine (selling), and two counts of possession of crack cocaine. These offenses occurred on two dates. The jury found that on October 24, 2006, Fritz transported, sold, and possessed more than one gram but less than five grams of crack cocaine, and on October 26, 2006, Fritz transported, sold, and possessed less than one gram of crack cocaine. Fritz was also convicted on one count of engaging in a pattern of corrupt activity.

{¶ 4} Fritz was originally sentenced to an aggregate term of 30 months of imprisonment. Due to troublesome comments by the trial judge during sentencing, we reversed this sentence and remanded for resentencing by a different judge. *Fritz*, 178 Ohio App.3d 65, 896 N.E.2d 778. On remand, the trial court imposed a 24-month term of imprisonment for engaging in corrupt activity and 12- or 18-month sentences on all other counts, to be served concurrently.

{¶ 5} Fritz raises five assignments of error on appeal.

## II

{¶ 6} Fritz's first assignment of error states:

{¶ 7} I. "Separate sentences for twice the possession of, transportation of, the same drug [sic]."

{¶ 8} Fritz contends that the trial court erred in sentencing him for possessing, transporting, and selling crack cocaine on each of two separate dates. He maintains that on each date, the offenses were allied offenses of similar import pursuant to *Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, so as to require that some of his convictions be vacated and that he be resentenced. The state agrees that *Cabrales* is dispositive of Fritz's claims, but asserts that he is entitled to only part of the relief he seeks.

{¶ 9} R.C. 2941.25(A) provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25 implements the protections of the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States and Section 10, Article I of the Ohio Constitution, which prohibit a second punishment for the same offense. *State v. Underwood,* Montgomery App. No. 22454, 2008-Ohio-4748, 2008 WL 4278145, ¶ 21, citing *State v. Lovejoy* (1997), 79 Ohio St.3d 440, 683 N.E.2d 1112. To avoid that result, when two or more allied offenses of similar import are charged and guilty verdicts for two or more are returned, R.C. 2941.25 requires a merger of multiple guilty verdicts into a single judgment of conviction, not a merger of sentences upon multiple judgments of conviction. Id. at ¶ 22–23.

{¶ 10} *Cabrales* clarified the law on allied offenses, and it dealt specifically with the offenses of possession and trafficking in controlled substances. *Cabrales* rejected applying a strict textual comparison of the elements of two offenses to determine whether the commission of one crime will result in the commission of the other and adopted a more common-sense approach. It held that in determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import. *Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 26, clarifying *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699.

{¶ 11} *Cabrales* specifically considered whether the elements of possessing a controlled substance under R.C. 2925.11(A), trafficking in (selling) a controlled substance under R.C. 2925.03(A)(1), and trafficking in (transporting) a controlled substance under R.C. 2925.03(A)(2) were allied offenses of similar import. It

concluded that possessing a controlled substance (R.C. 2925.11(A)) and transporting a controlled substance (R.C. 2925.03(A)(2)) are allied offenses, because in order for a person to ship or transport a controlled substance, that person would necessarily have to possess the controlled substance. Id. at ¶ 30. Thus, the elements of trafficking in a controlled substance (transporting) under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) correspond to such a degree that the commission of one crime will result in the commission of the other, and the offenses are allied offenses of similar import. Id. Pursuant to *Cabrales,* Fritz should not have been convicted of both possession and trafficking (transporting) under R.C. 2925.03(A)(2) on each of the dates in question because these offenses were allied offenses of similar import.

{¶ 12} On the other hand, *Cabrales* rejected the contention that trafficking in (selling) a controlled substance under R.C. 2925.03(A)(1) and trafficking in (transporting) a controlled substance under R.C. 2925.03(A)(2) are allied offenses of similar import. 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 32. The court explained that an offender could commit trafficking under R.C. 2925.03(A)(2) (transporting) and not necessarily commit trafficking under R.C. 2925.03(A)(1) (selling), because one who transports a controlled substance merely knows that the controlled substance is intended for sale, as opposed to actually offering it for sale or selling it personally. Id. Because these offenses require separate animi—offering to sell and transporting—these crimes are not allied offenses of similar import. Id. The trial court did not err in convicting Fritz of both transporting and selling.

{¶ 13} Fritz seems to recognize that trafficking in (selling) a controlled substance and possession are not allied offenses. In the interest of clarity, however, we note that *Cabrales* also settles this point, holding that "possession under R.C. 2925.11(A) and trafficking under R.C. 2925.03(A)(1) are not allied offenses of similar import, because commission of one offense does not necessarily result in the commission of the other." Id. at ¶ 29.

{¶ 14} In sum, Fritz was properly convicted of trafficking in a controlled substance under both R.C. 2925.03(A)(1) and 2925.03(A)(2)—the selling and transporting of the same controlled substance—because these offenses are not allied offenses. Id. at ¶ 38. The trial court erred, however, in failing to merge the convictions for possession and trafficking (transporting) in violation of R.C. 2923.03(A)(2). The state concedes this error and requests in its brief that we vacate the convictions for possession. Thus, Fritz's two convictions for possession under R.C. 2925.11(A), for which he received 18–month and 12–month sentences, will be vacated. We note, however, that correction of this error will not shorten the amount of prison time that Fritz must serve, because he received

a two-year sentence for engaging in corrupt activity, and all sentences were ordered to be served concurrently.

{¶ 15} The first assignment of error is sustained in part and overruled in part.

## III

{¶ 16} We will address Fritz's second, third, and fourth assignments of error together. They state:

{¶ 17} II. "The verdict form and the trial court's subsequent verdict entry were inadequate to support a conviction for engaging in corrupt activity, trafficking in cocaine, and possession of crack cocaine as second degree, fourth degree, and fifth degree felonies."

{¶ 18} III. "The courts [sic] erred in convicting appellant of trafficking in crack cocaine, R.C. 2925.03(A)(1), instead of transporting, R.C. 2925.03(A)(2)."

{¶ 19} IV. "Ineffective assistance of trial counsel."

{¶ 20} Under his second assignment of error, Fritz claims that the verdict forms were inadequate. Under his third assignment, he appears to argue that his conviction for trafficking in (selling) crack cocaine in violation of R.C. 2925.03(A)(1) was supported by insufficient evidence or was against the manifest weight of the evidence and that he should, instead, have been convicted only of trafficking in (transporting) crack cocaine in violation of R.C. 2925.03(A)(2). Under his fourth assignment of error, Fritz contends that he was denied the effective assistance of counsel at trial because his attorney did not raise the issue of allied offenses or the alleged problems with the verdict forms.

{¶ 21} An issue that could have been raised in an initial appeal, but was not, is forfeited. *State v. Johnson,* 179 Ohio App.3d 151, 2008-Ohio-5769, 900 N.E.2d 1079, ¶ 41. In Fritz's prior appeal, he raised three assignments related to his sentencing and a fourth related to the sufficiency of the evidence in support of his conviction for engaging in a pattern of corrupt activity. We ordered the trial court to resentence him due to improprieties at the prior sentencing hearing, but otherwise affirmed his conviction. *Fritz,* 178 Ohio App.3d 65, 2008-Ohio-4389, 896 N.E.2d 778. The trial court was neither directed nor authorized to reconsider the propriety of Fritz's convictions based on the adequacy of the verdict forms, the sufficiency of the evidence, or the newly alleged ineffective assistance of counsel. Id. Accordingly, the errors assigned under Fritz's second, third, and fourth assignments of error are outside the proper scope of this appeal.

{¶ 22} To the extent that Fritz's third assignment of error might also suggest that his convictions on each date for trafficking (selling) and trafficking (transporting) were allied offenses, we rely on our discussion under the first assignment of error. We also note that *Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, was decided after Fritz's original sentencing hearing, which under-

cuts his contention that counsel was ineffective in failing to raise the issues clarified in *Cabrales*.

{¶ 23} Fritz's second, third, and fourth assignments of error are overruled.

### IV

{¶ 24} Fritz's fifth assignment of error states:

{¶ 25} "Trial court erred at resentencing by imposing court costs."

{¶ 26} Fritz claims that the trial court erred in imposing court costs in its termination entry when, at the sentencing hearing, the court had indicated that it would not impose any fines.

{¶ 27} R.C. 2947.23(A)(1) requires a trial court to assess costs against all criminal defendants. *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3; *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. An indigent criminal defendant may make a motion to waive payment of costs, but he must do so at the time of sentencing. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23; *State v. Poindexter*, Montgomery App. No. 22315, 2008-Ohio-4143, 2008 WL 3583359, ¶ 7. "If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." *Threatt* at ¶ 23.

{¶ 28} The judge stated at the sentencing hearing that no fines would be imposed; neither the judge nor Fritz addressed the issue of court costs at the hearing. The termination entry stated: "Court costs to be paid in full in the amount determined by the Montgomery County Clerk of Courts."

{¶ 29} Fritz's argument with respect to court costs may incorrectly assume that fines and court costs are synonymous. Notwithstanding an earlier motion to vacate the court costs imposed at the original sentencing hearing, which was denied because it was not made before the sentence was imposed, Fritz did not request that court costs be waived when we remanded for resentencing. He did not preserve the issue for appeal, and we must presume that the trial court did not err in complying with its statutory duty to impose court costs.

{¶ 30} The fifth assignment of error is overruled.

### V

{¶ 31} Fritz's convictions for possession in violation of R.C. 2925.11(A) will be vacated, as discussed under the first assignment of error. In all other respects, the judgment of the trial court will be affirmed.

Judgment accordingly.

BROGAN and GRADY, JJ., concur.