[Cite as *State v. Williams*, 2018-Ohio-1000.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                    Court of Appeals No. L-17-1064

      Appellee                            Trial Court No. CRA-17-01964

v.

Kelley A. Williams                             **DECISION AND JUDGMENT**

      Appellant                           Decided:  March 16, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Kelley A. Williams, appeals from the March 3, 2017 judgment of

the Toledo Municipal Court accepting appellant's plea of no contest, convicting her of

failure to comply, a violation of R.C. 2921.331, a first degree misdemeanor, and

sentencing her to 180 days in jail.  For the reasons which follow, we reverse.

**{¶ 2}** On appeal, appellant asserts the following assignments of error:

Assignment of Error I: Appellant's guilty plea was involuntary and unknowing when the trial court failed to inform appellant of the effect of her plea in violation of Crim.R. 11(E).

Assignment of Error II: The trial court abused its discretion in sentencing appellant to the maximum term for the offenses.

**{¶ 3}** Appellant argues in her first assignment of error that the trial court erred in accepting her plea of no contest because it did not comply with Crim.R. 11(E).

**{¶ 4}** At a hearing on March 3, 2017, defense counsel indicated that there was a recommendation to amend the charges in exchange for appellant entering a no contest plea. The court addressed the defendant only to hear her explanation of why she had not complied with the officer's directions and why she was driving without a license. The trial court never informed appellant of the effect of her plea.

**{¶ 5}** Crim.R. 11(E) requires that before the trial court accept a plea in a misdemeanor case involving a petty offense, the trial court must inform the defendant of the effect of the plea entered pursuant to the language of Crim.R. 11(B). *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraphs one and two of the syllabus. A complete failure to notify the defendant of the effect of her plea renders it invalid without a need to demonstrate prejudice. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31-32.

2.

{¶ 6} Because the trial court in this case completely failed to comply with Crim.R. 11 (E), it should not have accepted the plea. We find appellant's first assignment of error well-taken.

{¶ 7} In her second assignment of error, appellant argues that the trial court erred in sentencing her to the maximum sentence. Because we are vacating the plea, this assignment of error is rendered moot.

{¶ 8} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the plea is vacated and the judgment of the Toledo Municipal Court is reversed. This case is remanded for further proceedings. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

James D. Jensen, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

3.