[Cite as *State v. Frazier*, 2021-Ohio-4155.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO                    :
                                 :
    Plaintiff-Appellee           :    Appellate Case No. 2021-CA-46
                                 :
v.                               :    Trial Court Case No. 2008-CR-804
                                 :
RAYMOND E. FRAZIER               :    (Criminal Appeal from
                                 :    Common Pleas Court)
    Defendant-Appellant          :
                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of November, 2021.

. . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark
County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449,
Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

RAYMOND E. FRAZIER, #A595-071, P.O. Box 5500, Chillicothe, Ohio 45601
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Raymond E. Frazier appeals from the trial court's denial of his "application" to "vacate and set aside [his] convictions and sentence." For the following reasons, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 2} Following a jury trial, Frazier was convicted of one count of having weapons while under disability, a felony of the third degree, and two counts of felonious assault, felonies of the second degree, with accompanying firearm specifications. The charges stemmed from an incident on September 9, 2008, during which Frazier fired shots at a vehicle occupied by his sister, Jasmine Frazier, and her boyfriend, James Swain. Bullets struck the vehicle, but neither Swain nor Frazier's sister sustained injuries from the shooting. Swain, who had a gun in the vehicle, returned fire.

{¶ 3} At sentencing, the trial court merged the firearm specifications and imposed a mandatory term of three years in prison on the firearm specification, to be served prior to and consecutively to eight years in prison on each felonious assault count and five years in prison for having weapons while under disability. Frazier's aggregate sentence was 24 years in prison.

{¶ 4} Frazier filed a direct appeal following his convictions, claiming that the trial court erred by permitting the State to amend the indictment on the first day of trial, by allowing the State to exercise a preemptory challenge to remove the only African American juror, by giving certain jury instructions, and by providing a partial trial transcript to the jury during deliberations. We overruled each assignment of error and affirmed Frazier's convictions. *State v. Frazier*, 2d Dist. Clark No. 2008-CA-118, 2010-Ohio-1507.

{¶ 5} Frazier also sought post-conviction relief. In April 2009, he filed a motion to vacate or set aside a void judgment, claiming that the trial court lacked jurisdiction. Frazier argued that his indictment was defective and thus was ineffective to invoke the trial court's jurisdiction, because it failed to include the required mens rea. The same month, the trial court summarily overruled Frazier's motion. Frazier appealed the trial court's judgment, but we dismissed the appeal for lack of prosecution. *State v. Frazier*, 2d Dist. Clark No. 2009-CA-50 (Decision & Final Judgment Entry, Aug. 10, 2009).

{¶ 6} In January 2016, Frazier filed a "motion to correct illegal sentence." He asserted that, assuming he was the shooter, "he should have never been convicted and sentenced for two counts of the same charge when there was only one intended victim," Swain. Frazier argued that *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, had announced a new decisional approach to allied offenses of similar import and, in the interest of justice, res judicata should not be applied to bar an allied-offense analysis. In March 2016, the trial court found the motion "not well taken" and overruled it. Frazier did not appeal the trial court's ruling.

{¶ 7} Three years later, in July 2019, Frazier filed an "emergency motion to vacate void conviction and sentence." He asserted that he was improperly found guilty and sentenced for felonious assault because the trial court never filed a written entry granting the State's motion to amend the indictment.

{¶ 8} In September 2019, the trial court denied the motion. While acknowledging that no written entry was filed, the court emphasized that the indictment was amended to remove a superfluous word, not to add elements or language. (The indictment alleged that Frazier had caused or attempted to cause "serious physical harm" when only

"physical harm" was required by R.C. 2903.11(A)(2).) As the trial court stated, "In other words, the word that was deleted was unnecessary to properly state the offenses on which he was indicted and of which he was convicted." Frazier, again, did not appeal the trial court's judgment.

{¶ 9} The motion at issue in this appeal – an "application" to "vacate and set aside [his] convictions and sentence" based on fraud upon the court and ineffective assistance of counsel – was filed on May 25, 2021. In this motion, Frazier raised two general arguments. First, he claimed that his two felonious assault offenses should have been merged as allied offenses of similar import. He asserted that the appropriate test was "whether the defendant had a common purpose in committing multiple crimes, and engaged in a single criminal adventure."

{¶ 10} Frazier further claimed in his motion that his trial counsel rendered ineffective assistance. He argued that counsel (1) should have conducted a proper pretrial investigation and discredited the testimony of Swain and his sister, (2) should have advocated for concurrent and shorter sentences, and (3) allowed false statements to be made about him, which contributed to the guilty verdicts and sentences. Frazier alleged that his counsel's actions amounted to a fraud on the court and a conspiracy between defense counsel and the prosecutor to deprive him of his "civil and constitutional rights."

{¶ 11} The State opposed Frazier's motion, claiming that his arguments were barred by res judicata. On June 30, 2021, the trial court overruled Frazier's motion, adopting the reasoning of the State's opposition memorandum. Frazier appeals from the trial court's judgment.

## II. Merits of Frazier's Motion to Vacate or Set Aside his Convictions

{¶ 12} On appeal, Frazier focuses on his claim that his offenses should have been merged as allied offenses of similar import. He asserts that his trial counsel's failure to raise allied offenses amounted to ineffective assistance and that the trial court's failure to merge the offenses represented an "abuse of authority" and an "injustice."

{¶ 13} In its responsive brief, the State asserts that the trial court properly sentenced Frazier separately for the two felonious assault charges, because the charges involved separate victims. It further states that having weapons while under disability does not merge with felonious assault, because they have dissimilar import. Frazier also raised R.C. 2929.14(B)(1)(b), which concerns merger of firearm specifications, but the State noted that the firearm specifications were merged at sentencing.

{¶ 14} At the outset, we agree with the trial court's conclusion that Frazier's arguments are barred by the doctrine of res judicata. "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata precludes any issue that was raised or could have been raised in a criminal defendant's prior appeal from his conviction or any other final appealable order. *State v. Miller*, 2d Dist. Montgomery No. 28545, 2021-Ohio-232, ¶ 21, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 15} We have consistently held that a defendant must raise the merger of allied offenses of similar import on direct appeal or it is barred by res judicata. *See, e.g., State*

*v. Taylor*, 2d Dist. Montgomery No. 28166, 2019-Ohio-1376, ¶ 21-22 (defendant barred by res judicata from raising allied offense argument in post-conviction motion when he failed to raise allied offenses on direct appeal); *State v. Perkins*, 2d Dist. Montgomery No. 26788, 2016-Ohio-4581, ¶ 7.

{¶ 16} In this case, Frazier could have challenged his sentence, including the failure to merge allied offenses, on direct appeal, but he did not. Nor did Frazier argue on direct appeal that his trial counsel acted deficiently by failing to argue allied offenses. In 2016, Frazier's motion to correct illegal sentence argued that his felonious assault offenses should have merged as allied offenses. However, Frazier did not appeal the trial court's judgment denying that motion. Frazier's renewed claims that his offenses should have merged as allied offenses and that his attorney rendered ineffective assistance by failing to raise merger at sentencing are barred by res judicata.

{¶ 17} Even if his claims were not barred by res judicata, we agree with the State that the trial court properly imposed separate sentences for the two felonious assault charges and having weapons while under disability.

{¶ 18} Contrary to Frazier's assertion, our allied-offense analysis is governed by the allied-offense statute, R.C. 2941.25, and Ohio Supreme Court jurisprudence. R.C. 2941.25 provides:

(A) Where the same conduct by [a] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of

dissimilar import, or where his conduct results in two or more offenses of
the same or similar kind committed separately or with a separate animus as
to each, the indictment or information may contain counts for all such
offenses, and the defendant may be convicted of all of them.

This statute implements the protections of the Double Jeopardy Clauses of the United States and Ohio Constitutions, which prohibit a second punishment for the same offense. *State v. Fritz*, 182 Ohio App.3d 299, 2009-Ohio-2175, 912 N.E.2d 650, ¶ 9 (2d Dist.).

{¶ 19} "As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31; *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 12 (quoting *Ruff*); *State v. Davison*, 2d Dist. Montgomery No. 28579, 2021-Ohio-728, ¶ 29. Offenses are of dissimilar import within the meaning of the allied-offense statute "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 23.

{¶ 20} The defendant bears the burden of establishing that offenses should be merged as allied offenses. *State v. Albertson*, 2d Dist. Montgomery No. 28722, 2021-Ohio-2125, ¶ 95. We review the trial court's merger ruling de novo. *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, ¶ 10.

**{¶ 21}** Here, the felonious assault offenses were identically charged in the indictment, but the bill of particulars and evidence at trial made clear that the charges involved separate victims: Frazier's sister (Jasmine) and Swain. Because each charge concerned a different individual, the two felonious assault charges were of dissimilar import, and the trial court properly imposed a sentence on each count.

**{¶ 22}** The factual circumstances also do not support the merger of having weapons while under disability with the felonious assault charges. We and other appellate districts have held that having weapons while under disability and felonious assault generally do not merge, because the charges do not involve the same animus. *See State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857. As stated by the Fifth District, "the animus of having weapons under disability is making a conscious choice to possess a weapon. Felonious assault requires a conscious choice to attack someone using a weapon." *State v. Elder*, 5th Dist. Richland No. 2011-CA-0058, 2011-Ohio-4438, ¶ 7.

**{¶ 23}** In *State v. Fairman*, 2d Dist. Montgomery No. 24299, 2011-Ohio-6489, we held that the circumstances presented a limited exception to the general rule. In that case, Fairman encountered Tremayne Arnold and accused Arnold of murdering his (Fairman's) nephew. Fairman asked his companion, Davares Pruitt, for a gun. Pruitt initially refused, but Arnold saw Pruitt hand a gun to Fairman. Fairman then immediately shot Arnold in the chest. Arnold survived the shooting, and Fairman was convicted of felonious assault with a firearm specification and having weapons while under disability. Under these unique circumstances, we held that the two offenses "were not committed separately or with a separate animus because the evidence shows that Fairman obtained

the gun with the immediate intent of shooting Arnold; he had no separate animus in acquiring possession of the gun." *Fairman* at ¶ 67.

**{¶ 24}** Frazier has not established that the facts in his case are similar to those in *Fairman*. The State's evidence at trial established that Frazier was standing beside his truck in a parking lot outside of his sister's place of employment when he fired a gun at his sister and Swain at approximately 11:15 p.m., when Jasmine was leaving work. Swain and Jasmine each testified that Frazier had threatened to kill them in the days before the shooting. There is nothing in the record demonstrating that Frazier obtained a gun immediately prior to the shooting for the purpose of shooting at Swain and his sister. Rather, as in *Grissom*, the record supports a conclusion that Frazier's decision to obtain a gun was separate and distinct from his decision to shoot at the car in which Swain and his sister were seated.

**{¶ 25}** We therefore conclude that the trial court properly did not merge the felonious assault and having weapons while under disability offenses as allied offenses. Because Frazier's offenses were not subject to merger, trial counsel did not act deficiently in failing to request merger. In addition, because the trial court merged his firearm specifications, any claim that his firearm specifications should have merged lacks merit.

**{¶ 26}** Frazier's assignment of error is overruled.

### III. Conclusion

**{¶ 27}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Ian A. Richardson
Raymond E. Frazier
Hon. Douglas M. Rastatter