[Cite as *State v. Gary*, 2025-Ohio-5323.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-7 |
| Appellee | : | |
| | : | Trial Court Case No. 24CR00167 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| JORDAN LANE GARY | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on November 26, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

TUCKER, J., and LEWIS, J., concur.

CHRISTOPHER R. BUCIO, Attorney for Appellant
DEBORAH S. QUIGLEY, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Jordan Lane Gary appeals from a judgment entry of conviction on two counts of unlawful sexual conduct with a minor. Because the trial court did not err in declining to merge his offenses at sentencing, we affirm the judgment of the trial court.

**Facts and Procedural History**

{¶ 2} On August 22, 2024, Gary was indicted on two counts of rape and two counts of unlawful sexual conduct with a minor. He pled not guilty on September 20, 2024. On December 10, 2024, the court issued a scheduling notice indicating that a plea agreement had been signed, setting a change of plea hearing, and vacating the date set for trial.

{¶ 3} On January 16, 2025, Gary withdrew his former pleas and pled guilty to two counts of unlawful sexual conduct with a minor (Counts 3 and 4). The rape charges were dismissed. A pre-sentence investigation ("PSI") was ordered, and the parties submitted sentencing recommendations. Gary sought merger of Counts 3 and 4 as allied offenses of similar import, along with community control sanctions with treatment for alcohol dependency. The State argued that Gary's convictions arose from separate and distinct acts and that merger did not apply; it sought the maximum sentence of 60 months for each offense to be served consecutively.

{¶ 4} Disposition occurred on February 27, 2025. The court found that the doctrine of merger did not apply to Gary's offenses. It sentenced Gary to 54 months on each count

to be served consecutively, for an aggregate term of 108 months. The court designated Gary a Tier II sex offender.

**Assignment of Error and Analysis**

{¶ 5} Gary asserts one assignment of error. He claims that the trial court erred by failing to merge Counts 3 and 4 at sentencing in violation of R.C. 2941.25, which codifies the doctrine of merger, and the Double Jeopardy Clause of the United States Constitution.

{¶ 6} "'We review de novo whether certain offenses should be merged as allied offenses under R.C. 2941.25.'" *State v. Thompson*, 2025-Ohio-2168, ¶ 71 (2d Dist.), quoting *State v. Bailey*, 2022-Ohio-4407, ¶ 6, citing *State v. Williams*, 2012-Ohio-5699, ¶ 1. "The defendant bears the burden of establishing that offenses should be merged as allied offenses." *State v. Frazier*, 2021-Ohio-4155, ¶ 20 (2d Dist.), citing *State v. Albertson*, 2021-Ohio-2125, ¶ 95 (2d Dist.).

{¶ 7} R.C. 2941.25, Ohio's multiple counts statute, states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 8} "'As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when

3

defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?'" *State v. Earley*, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 2015-Ohio-995, ¶ 31. "'An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.'" *Id.*, quoting *Ruff* at ¶ 31.

{¶ 9} "[T]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶ 23. "It is well-established that distinct, different kinds of sexual activity constitute separate offenses for sentencing purposes." *State v. Chamberlain*, 2014-Ohio-4619, ¶ 71 (12th Dist.), citing *State v. Accorinti*, 2013-Ohio-4429, ¶ 14-16 (12th Dist.), citing *State v. Daniels*, 2013-Ohio-358, ¶ 9 (9th Dist.). *Chamberlain* held that because defendant's four rape offenses against one victim involved "distinct sexual acts, the trial court did not commit plain error by failing to merge the offenses for sentencing." *Id.* at ¶ 72. *Daniels* held that by "forcibly penetrating the victim three times in three distinct manners, Daniels separately committed three acts of rape." *Id.* at ¶ 10, citing R.C. 2941.25(B). This is so because "'[e]ach act is a further denigration of the victim's integrity and a further danger to the victim.'" *Chamberlain* at ¶ 71, quoting *State v. Barnes* 68 Ohio St.2d 13, 19 (1981) (Celebrezze, C.J., concurring).

{¶ 10} According to the record, the offending sexual conduct occurred in August of 2024 while the victim and her father, who lived out of state, attended a retirement party for the victim's grandfather where Gary was also a guest. Thirty-two-year-old Gary engaged the thirteen-year-old victim in inappropriate conversation, telling her she was sexy and

4

asking her to get him a beer. He was repeatedly advised of her age and told to leave her alone. According to the sentencing transcript, Gary followed the victim into a bathroom, forced her to engage in fellatio, and digitally penetrated her vagina. After the victim escaped the bathroom and fled to a bedroom, Gary tripped her, causing her to fall to the floor. He then got on top of her and engaged in vaginal intercourse in that room. At disposition, at the court's request, the State made clear that Count 3 pertained to the unlawful sexual conduct that occurred in the bathroom, namely fellatio and digital penetration, and Count 4 pertained to the unlawful sexual conduct that occurred in the bedroom, vaginal intercourse.[1]

{¶ 11} Because Counts 3 and 4 pertained to separate and distinct acts for which Gary could be punished, the trial court did not err in declining to merge the counts at sentencing. Gary's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and LEWIS, J., concur.

---

[1] According to the victim's version of events in the PSI, after Gary raped her in the bedroom, he forced her to return to the bathroom where he raped her again. She related that she was not consulted about and did not agree with the plea agreement, asking, "Why didn't I/we get a say in the plea or trial?" The victim's father's statement was also included in the PSI, and he, too, indicated that the victim "was never asked or given a chance to say she wanted to go to trial." It is well settled that "Marsy's Law grants a victim the right 'to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated[.]'" *State v. Anderson*, 2025-Ohio-1226, ¶ 18 (5th Dist.), quoting Ohio Const., art. I, § 10a(A)(3). This provision ensures that victims can participate in proceedings that directly affect their rights or the resolution of the case, although the prosecutor retains decision-making authority over the case. *State v. Hughes*, 2018-Ohio-1000, ¶ 14 (8th Dist.) ("Thus, while Marsy's Law expands the rights of victims, the law does not make a victim a party to a criminal action.").

5